# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Bankruptcy No. 08-24592-CMB |
| LORI A. VITALE, | Chapter 7 |
| Debtor. | Document No. 46 |
| PHH MORTGAGE CORPORATION, | |
| Movant, | |
| v. | |
| NATALIE LUTZ CARDIELLO, ESQ. (TRUSTEE), | |
| Respondent. | |

## MEMORANDUM OPINION

The matter before the Court is the Motion for Relief from the Automatic Stay Nunc Pro Tunc ("Motion") filed by PHH Mortgage Corporation seeking retroactive relief from the automatic stay and abandonment of property by the bankruptcy estate.[1] For the reasons stated herein, the Court finds that the relief requested is appropriate under the unique circumstances of this case.

### I.   Background

The Motion was filed on December 2, 2011. Although no response was filed, the Court had concerns regarding the fact that the Motion sought retroactive relief over such an extended

---

[1] The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core matter pursuant to 28 U.S.C. §157(b)(2)(A), (G).

1

period of time.[2] A hearing was scheduled and argument was heard on January 17, 2012. At the hearing, Movant was given the opportunity to file a brief in support of the Motion. Said brief was filed on March 4, 2012. The relief requested is unopposed on the record. The matter is ripe for decision.

## II.   Findings of Fact

The Court accepts the undisputed facts as presented in the Motion and related brief. A short recitation of the relevant facts follows.

The Debtor filed for relief under Chapter 7 on July 12, 2008. At that time, Debtor and Mark D. Vitale ("Co-Mortgagor") were in possession of the property located at 4442 Laurel Oak Drive, Allison Park, PA 15101 ("Property"). There is no equity in the Property. Movant holds the mortgage on the Property.

Although Movant knew of the bankruptcy filing, Movant mistakenly believed that the Order discharging Debtor entered on November 5, 2008 permitted the commencement of a foreclosure action on February 24, 2010. Movant was unaware that the Property remained part of the bankruptcy estate as the case was being administered as an asset case. On March 10, 2010, Movant filed its Mortgage Foreclosure Complaint and judgment was entered on June 17, 2011. A sheriff's sale was scheduled to be held on October 3, 2011 but was stayed

---

[2] The Motion seeks "a termination of the Automatic Stay Nunc Pro Tunc to July 12, 2008", the date the Chapter 7 case commenced. Movant's proposed order, however, provides for the stay to be "modified, nunc pro tunc effective February 24, 2010", identified within the Motion as the date that Movant commenced the foreclosure action. To resolve this discrepancy, the Court will consider annulling the stay nunc pro tunc to November 5, 2008, the date of Debtor's discharge. According to Movant, it mistakenly believed the Order discharging Debtor permitted the commencement of the foreclosure action. Thus, that date is the most appropriate to consider for purposes of the Motion and should cover all relevant activity by Movant. Movant has not provided sufficient support for annulment of the stay to the date the bankruptcy petition was filed.

immediately upon Movant learning that the bankruptcy case remained open and the Property was an asset of the bankruptcy estate.

The event that prompted Movant's counsel to examine the status of the bankruptcy case was a call from Debtor in response to notices of foreclosure that she received from Movant. Debtor stated that she surrendered the Property in her bankruptcy case. In fact, her Statement of Intention provided for surrender of the Property. The Debtor no longer resides at the Property and, according to Movant, neither does the Co-Mortgagor. Therefore, the Property at this time is represented to be vacant. Furthermore, Debtor has indicated to Movant that she is eager for the foreclosure process to be concluded.

Counsel for the Movant represented that the Chapter 7 Trustee was also contacted with respect to the Property and she advised Movant that she did not view the Property as an asset worth administering, was pursuing other assets, and had no objection to an order which would permit the foreclosure to proceed.

In light of these facts, we turn to whether the relief requested is appropriate.

### III.    Conclusions of Law

Pursuant to 11 U.S.C. §362(a), the automatic stay goes into effect at the time the bankruptcy petition is filed and provides a breathing spell to debtors while also protecting creditors from any one creditor acting unilaterally to the detriment of the others. *See Maritime Electric Co. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991). "[T]he automatic stay remains in effect against *property of the estate* until the property no longer is property of the estate. For acts directed against *property of the debtor*, the automatic stay remains in effect until the earliest of the closing of the case, dismissal of the case, or an individual chapter 7 debtor

3

receives or is denied a discharge." *See Owens v. United States* (*In re Owens*), 379 B.R. 558, 568 (Bankr. W.D.Pa. 2007) (emphasis in original).

Pursuant to §362(d), although actions taken in violation of the stay are void *ab initio*, the bankruptcy court may annul the automatic stay when circumstances justify such action. *See In re Siciliano*, 13 F.3d 748, 751 (3d Cir. 1994). In *In re Meyers*, the Third Circuit noted three factors in particular that courts have considered when determining whether to retroactively annul the stay: "(1) whether the creditor was aware of the filing or encouraged violation of the stay; (2) whether the debtor engaged in inequitable, unreasonable, or dishonest behavior; and (3) whether the creditor would be prejudiced." *See In re Meyers*, 491 F.3d 120, 129 (3d Cir. 2007). Bankruptcy courts are given wide latitude to balance the equities when granting relief from the automatic stay. *See id.* at 129-30.

With these factors in mind, the Court now turns to the facts of this case. As to the first factor set forth in *Meyer*, although Movant was aware of the bankruptcy filing, Movant asserts, and the Court accepts, that the violation of stay was unintentional. Movant incorrectly believed the Property was no longer property of the estate as of the date Debtor received her discharge. While we do not excuse Movant making assumptions, we consider this mistake in light of the particular facts of this case. Specifically, we are persuaded to rule in Movant's favor as the relief sought is unopposed and no harm resulted from Movant's inadvertent violation.

As to the second factor, there is no evidence of any inequitable, unreasonable, or dishonest behavior by the Debtor. Unlike cases where a court must address allegations of misconduct on both sides of a motion for annulment of stay, we are presented with an unopposed motion where no such misconduct is evident.

4

As to the third factor, Movant argues that it would experience an unwarranted hardship if the relief is not granted due to time and interest earnings lost and additional expense to start the foreclosure process over again. While Movant would certainly be inconvenienced in the absence of relief from stay, these consequences are a direct result of its own failure to monitor the status of the bankruptcy case. However, denial of the relief requested is of no benefit to the Debtor or the estate and may be a detriment to Movant. While the actions taken by Movant are troubling, the Court accepts that the violation of the stay was inadvertent. We note, however, that a mistake such as this will not be tolerated again.

In a case such as this, where (1) no harm resulted from Movant's actions, (2) the Chapter 7 Trustee has no objection to abandonment of the Property, and (3) the Debtor is eager for the foreclosure to be concluded, we find that, in balancing the equities, annulment of the stay is warranted. Furthermore, it is noteworthy that, as no equity exists in the Property, relief from stay would have been granted if such relief had been timely sought prior to Movant initiating the foreclosure action.

### IV. Conclusion

Although the Court expects creditors to carefully monitor the status of bankruptcy cases and comply with the automatic stay, due to the unique facts presented by this case, retroactive relief from the automatic stay is warranted and the Property is deemed to be abandoned by the bankruptcy estate. An appropriate order will be entered.

Date: April 2, 2012          /s/ Carlota M. Böhm
                              Carlota M. Böhm
                              United States Bankruptcy Judge

**CASE ADMINISTRATOR TO MAIL TO:**
    Office of the United States Trustee
    Natalie Lutz Cardiello, Esq., Chapter 7 Trustee
    Gary J. Gaertner, Esq., Counsel to PHH Mortgage Corporation
    Gary P. Alexander, Counsel to Debtor
    Lori A. Vitale, Debtor